UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VERNELL WOODARD                                    CIVIL ACTION

VERSUS                                             NUMBER: 09-0284

ROBERT TANNER, WARDEN                              SECTION: "J"(6)


## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

# PROCEDURAL HISTORY[1]

Petitioner, Vernell Woodard, is a state prisoner who is presently incarcerated at the Rayburn Correctional Center, Angie, Louisiana. Woodard was indicted for the second degree murder of Leonard Joseph. At his arraignment, Woodard pled not guilty. Orleans Parish Criminal District Court Judge Camille Buras heard various pretrial motions, including the State's motion to introduce hearsay statements. The state district judge denied this motion and, on review, the Louisiana Fourth Circuit Court of Appeal reversed, finding the statements admissible. *State v. Woodard*, No. 2003-K-0636, 847 So.2d 629 (La. App. 4 Cir. 4/30/03). At the end of a two-day trial, a twelve-person jury found Woodard guilty of the responsive verdict of manslaughter. The district court sentenced Woodard to serve forty years at hard labor without benefit of probation or suspension of sentence.

Petitioner filed an appeal with the Louisiana Fourth Circuit Court of Appeal, arguing that his sentence was excessive. On January 19, 2005, the Louisiana Fourth Circuit Court of Appeal affirmed Woodard's conviction, amended his sentence to delete the prohibition against probation or suspension of sentence, and affirmed his forty-year sentence as amended. *State v. Woodard*, 892 So.2d 181(Table), No. 2004-KA-0137 (La. App. 4 Cir. 1/19/05) (unpublished opinion). Pursuant to Rule X, § 5(a) of the Rules of the Louisiana

---

[1] A portion of the procedural history is taken from the Louisiana Fourth Circuit's unpublished opinion, *State v. Woodard*, 892 So.2d 181 (Table), No. 2004-KA-0137 (La. App. 4 Cir. 1/19/05) (unpublished opinion). A copy of the Fourth Circuit's unpublished opinion is contained in the State rec., vol. 4 of 9.

Supreme Court, petitioner had thirty days, from January 19, 2005, until February 18, 2005, in which to timely seek writs from the Louisiana Supreme Court. *See*, e.g., *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). However, as evidenced by the postal meter stamp on the envelope, petitioner's *pro se* writ application, No. 2005-KH–0809, to the Louisiana Supreme Court, was not mailed until February 28, 2005, ten days after his February 18, 2005 deadline.[2] That writ application was denied by the Louisiana Supreme Court on January 27, 2006, on the basis of La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996) (prohibiting review of excessive sentence claims in state post-conviction proceedings). *State ex rel. Woodard v. State*, No. 2005-KH-0809, 922 So.2d 535 (La. 2006). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On August 2, 2007, petitioner filed a *pro se* application for post-conviction relief with the state district court.[3] On September 5, 2007, the district court issued a Judgment denying

---

[2]A copy of petitioner's writ application, including a copy of the envelope in which the writ application was mailed, is contained in the State rec., vol. 8 of 9. In *Causey v. Cain*, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition. Under the "mailbox rule," the date a *pro se* prisoner's pleading is provided to prison officials for mailing is the date it is considered filed. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999). In this instance, however, petitioner did not date his writ application to the Louisiana Supreme Court. Accordingly, the court will utilize the post-marked date of the pleading as petitioner's filing date.

[3]A copy of petitioner's post-conviction writ application is contained in the State rec., vol. 8 of 9.

petitioner post-conviction relief.[4]  On November 15, 2007, the Louisiana Fourth Circuit Court of Appeal, finding "no error in the judgment of the district court denying the relator's application for post-conviction relief", denied petitioner's writ application.  *State v. Woodard*, No. 2007-K-1330 (La. App. 4 Cir. 11/15/07) (unpublished decision).[5]  On October 3, 2008, the Louisiana Supreme Court likewise denied petitioner's writ application, finding it was untimely pursuant to La.C.Cr.P. art 930.8, *State ex rel. Woodard v. State*, No. 992 So.2d 1008 (La. 2008), and, on December 12, 2008, the state high court denied petitioner's application for reconsideration.  *State ex rel. Woodard v. State*, 997 So.2d 554 (La. 2008).

On January 4, 2009, petitioner filed the instant federal habeas corpus application (rec. doc. 1).  In its response (rec. doc. 6), the State argues that the instant action is time-barred. For the following reasons, the court agrees.

## ANALYSIS

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like petitioner have one year from the date that their convictions become final to timely seek federal habeas corpus relief.  Section 2244(d)(2) further provides

---

[4]A copy of the district court's September 5, 2007 Judgment is attached to petitioner's federal habeas application (rec. doc. 1).

[5]A copy of the state appellate court's unpublished November 15, 2007 decision is contained in the State rec., vol. 8 of 9.

that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be raised by the court *sua sponte*.  *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Petitioner's conviction and sentence became final on February 18, 2005, when his time for seeking relief from the state appellate court's January 19, 2005 adverse decision expired.  *Butler*, 533 F.3d at 316-318.  Under § 2244(d), petitioner thus had until February 18, 2006, within which to timely seek federal relief unless the one-year time period was tolled by the pendency of a properly-filed application for post-conviction relief or other collateral review.  Petitioner, however, did not file his first application for state post-conviction relief until August 2, 2007, over a year after his one-year prescriptive period had expired.  As petitioner had no qualifying proceedings under § 2244(d)(2) pending before the state courts in the one-year period following the date that his conviction became final, his petition is time-barred.[6]

Assuming, *arguendo*, that petitioner's Louisiana Supreme Court writ application, No. 2005-KH-0809, had not been untimely, but rather, had been properly filed and tolled

_____

[6]As the Fifth Circuit explained in *Butler*, 533 F.3d at 318, the time, February 28, 2005 to January 27, 2006, during which petitioner's late Louisiana Supreme Court writ application, No. 2005-KH-0809, was pending, does not toll prescription as the application was on direct review, rather than post-conviction or other collateral review as required under the tolling provisions of Section 2244(d)(2).

prescription, the instant action is nevertheless time-barred. Under such a factual scenario, petitioner's conviction became final on January 27, 2006, when the Louisiana Supreme Court denied his writ application, and his time for seeking review did not expire until April 27, 2006, ninety days following his January 27, 2006 final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 77 (2000). Thus, petitioner had a year from April 27, 2006, until April 27, 2007, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on January 4, 2009, over a year and a half after his April 27, 2007 deadline. Thus, petitioner's federal habeas corpus application is subject to dismissal as untimely, unless, pursuant to the provisions of § 2244(d)(2), the time was tolled via the filing of a "properly filed application for State post-conviction or other collateral review."

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas*

*v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)).

The one-year AEDPA limitations period began to run, under this alternative basis for dismissal, on April 27, 2006. The limitation period ran uninterrupted for over 365 days since petitioner did not seek post-conviction relief from the state district court until August 2, 2007. Thus, petitioner's federal habeas application is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis. Accordingly;

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Vernell Woodard be dismissed with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[7]

New Orleans, Louisiana, this ___28th___ day of _____May_____, 2010.


_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.